FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 29 2013 ★
BROOKLYN OFFICE

D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MICHAEL J. KNEITEL,

                       Plaintiff,

       -against-

HOWARD SCHAIN, NOACH DEAR,
HARRIET THOMPSON, THE STATE OF
NEW YORK UNIFIED COURT SYSTEM,

                       Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**13-CV-0090 (NGG) (VVP)**

NICHOLAS G. GARAUFIS, United States District Judge.

    Plaintiff Michael J. Kneitel, appearing pro se, brings suit seeking damages and injunctive relief under 42 U.S.C. § 1983 for conduct stemming from the seizure of his automobile. Plaintiff's request to proceed in forma paupers ("IFP") is GRANTED. For the reasons set forth below, the claims against Defendants Judge Noach Dear and Judge Harriet Thompson are DISMISSED with prejudice.

**I.    BACKGROUND**

    The following facts are taken from Plaintiff's Complaint and for the purposes of this Memorandum and Order, assumed true.

    On April 7, 2010, Plaintiff's automobile was seized by Defendant Howard Schain, a New York City Marshal, due to Plaintiff's unpaid parking tickets. (See Compl. (Dkt. 1) at 4.) On April 5, 2012, Plaintiff sued Schain in New York City Civil Court, Kings County, claiming that while in Schain's custody, Plaintiff's car was vandalized and his property was stolen. (Id.)

    On August 16, 2012, Judge Fisher denied Defendant Schain's motion for summary judgment and set a discovery schedule. (See id. at 12.) On September 7, 2012, Schain filed a

1

notice of appeal from this decision. (See id. at 13.) Shortly thereafter, he filed a motion to amend the answer, which Plaintiff had never received, and therefore had never responded to. (Id. at 3-4.) On November 15, 2012, the parties appeared before Judge Dear as required by the discovery schedule. (Id. at 2, 4.) At that appearance, Schain sought dismissal due to Plaintiff's failure to respond to his motion to amend the answer. (Id. at 4.) Judge Dear held a "bench trial" on this issue, and dismissed Plaintiff's complaint. (Id.)

Plaintiff later filed a motion to renew and reargue before Judge Thompson.[1] (See id. at 4, 15.) On December 20, 2012—after allowing Defendant Schain to submit opposition papers late—Judge Thompson denied Plaintiff's motion to renew and reargue, and dismissed the case with prejudice. (See id. at 15.) On January 7, 2013, Plaintiff filed the instant action against Schain, Judge Dear, Judge Thompson, and the New York Unified Court System. (See Compl.) He has also moved to proceed IFP. (Dkt. 3.)

## II. STANDARD OF REVIEW

A district court must dismiss an IFP action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is "frivolous" when either: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy"; or (2) "the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted).

In reviewing a complaint submitted pro se, the court reads the plaintiff's submissions liberally and interprets them as raising the strongest arguments they suggest. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir.

---

[1] The Complaint does not explain why three different judges heard different portions of Plaintiff's case.

1994). This is because "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

## III. DISCUSSION

Judges are immune from suits for damages arising out of judicial acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11 (1991); Forrester v. White, 484 U.S. 219, 225 (1988). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judicial officer be deprived of immunity "because the action he took was in error or was in excess of his authority." Mireles, 502 U.S. at 11, 13 (quotations and citations omitted). This immunity may be overcome only if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." Id. at 11-12.

Here, even construing Plaintiff's allegations liberally, the claims against Judge Dear and Judge Thompson must be dismissed because they seek monetary relief against defendants who are immune from suit. See 28 U.S.C. § 1915(e)(2)(B)(iii). These Defendants' challenged conduct—dismissing Plaintiff's complaint after a bench trial and denying Plaintiff's motion to

renew and reargue, respectively—are well within the discretionary judicial functions of their offices. See Copeland v. Trotta, No. 12-CV-4020 (SJF) (AKT), 2012 WL 4503120, at *3 (E.D.N.Y. Sept. 28, 2012) ("Rendering . . . a decision of course falls squarely within the judicial function."). Whether these Defendants properly followed the law is of no moment; because these Defendants clearly acted within their jurisdiction, absolute immunity bars all § 1983 claims against them, and because Plaintiff is proceeding IFP, these claims must be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(iii); cf. Mills v. Fischer, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of 28 U.S.C. § 1915(g).").

Moreover, because of absolute immunity, any attempt to amend would be futile. As such, these claims are dismissed with prejudice. See Mosley v. McIntosh, No. 08-CV-9635 (PKC), 2009 WL 1542546, at *4 (S.D.N.Y. May 29, 2009) (report and recommendation), adopted by id. at *1 (dismissing IFP claims with prejudice on the basis of absolute immunity because any amendment would be futile).

## IV. CONCLUSION

Plaintiff's motion to proceed IFP is GRANTED. For the reasons set forth above, Plaintiff's claims against Judge Dear and Judge Thompson are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(iii).

The United States Marshals Service is directed to serve the Complaint and a copy of this Memorandum and Order on the remaining Defendants without the need for Plaintiff to prepay any fees—no summonses shall issue as to Judge Dear or Judge Thompson.

The case is referred to Magistrate Judge Viktor V. Pohorelsky for pretrial supervision.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore IFP status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
January 29, 2013

NICHOLAS G. GARAUFIS
United States District Judge