UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MICHAEL J. KNEITEL,

                Plaintiff,

-against-

HOWARD SCHAIN, NOACH DEAR,
HARRIET THOMPSON, THE STATE OF
NEW YORK UNIFIED COURT SYSTEM,

                Defendants.
----------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**13-CV-0090 (NGG) (VVP)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Pro se Plaintiff Michael J. Kneitel brings this action against Defendants Howard Schain, Judge Noach Dear ("Judge Dear"), Judge Harriet Thompson ("Judge Thompson") and the State of New York Unified Court System ("UCS"), seeking damages and declaratory and injunctive relief under 42 U.S.C. § 1983. (Compl. at 1, 8-10 (Dkt. 1).) Plaintiff's alleged injury arises out of the impoundment of his vehicle by defendant Howard Schain for unpaid traffic tickets and damage allegedly sustained by the vehicle as a result. (Id. at 3-5.) Plaintiff also alleges that his rights to due process and equal protection were violated when Judge Dear dismissed Plaintiff's state court action against Defendant Schain and when Judge Thompson denied Plaintiff's motion to reargue. (Id. at 8-10.) Defendant UCS has moved pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the Complaint for lack of subject-matter jurisdiction and failure to state a claim. (Def. Mot. to Dismiss (Dkt. 10).) For the reasons explained below, the court concludes that it does not have jurisdiction over Plaintiff's Complaint. As a result, Defendant's Motion to Dismiss the Complaint is GRANTED.

I.  **BACKGROUND**

The following facts are taken from Plaintiff's Complaint and assumed true for the purposes of this Memorandum and Order.

On April 7, 2010, Defendant Howard Schain, a New York City Marshal, impounded Plaintiff's car for non-payment of traffic tickets. (Compl. at 3-5.) Plaintiff alleges that when he ultimately recovered his vehicle, it was vandalized and property was stolen. (Compl. at 3.) On April 5, 2012, Plaintiff filed suit against Defendant Schain in New York City Civil Court, Kings County, to recover for the alleged damage. (Id. at 3, 5.) On August 16, 2012, Judge Pamela Fisher denied Defendant Schain's Motion for Summary Judgment and directed the parties to proceed with discovery. (Id. at 2; State Crt. Order (Dkt. 1-F).)

On September 7, 2012, Schain filed a notice of appeal from this decision. (Compl. at 3.) Shortly thereafter, Defendant also filed a Motion to Amend the Answer, asserting a statute of limitations defense. (Id. at 6.) Plaintiff alleges that he did not file papers in opposition because he never received the Notice of Motion. (Id. at 2, 3, 6.) On November 15, 2012, Judge Dear dismissed the Complaint on the basis of the statute of limitations defense. (Id. at 2.)

On December 6, 2012, Plaintiff filed a Motion to Renew and Reargue the Motion to Dismiss the Complaint. (Id. at 2, 7.) On December 20, 2012, Judge Thompson denied Plaintiff's motion and dismissed the action with prejudice. (Id. at 2, 8.)

On January 7, 2013, Plaintiff filed the instant action against Schain, Judge Dear, Judge Thompson, and the New York Unified Court System, asserting claims under 42 U.S.C. § 1983. (Id. at 1, 8-10.) Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief, and asks this court to void the state court's orders. (Id. at 11.) Notably, Plaintiff does not allege any violations by UCS anywhere in his Complaint.

On January 29, 2013, the court dismissed the Complaint against Judge Dear and Judge Thompson on the ground that they were absolutely immune from suits arising out of judicial acts performed in their judicial capacity. See Kneitel v. Schain, No. 13-CV-0090 (NGG), 2013 WL 395092 (E.D.N.Y. Jan. 29, 2013).

Defendant UCS argues that the court must dismiss the Complaint against it pursuant to Federal Rule of Civil Procedure 12(b)(1) because subject-matter jurisdiction is barred by the Eleventh Amendment. (Def. Mot. to Dismiss at 2.) UCS also argues that the court must dismiss the Complaint pursuant to Rule 12(b)(6) because Plaintiff failed to state a cause of action against it. (Id. at 2.) In his opposition papers, Plaintiff contests UCS's central argument that, as the judicial branch of the New York State government, it enjoys both sovereign immunity and absolute immunity from suit. (Pl. Mot. in Opp'n to Def. Mot. to Dismiss at 3-4, 9-14 (Dkt. 14).)

## II. DISCUSSION

When faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6), a court should "decide the 'jurisdictional question [under Rule 12(b)(1)] first because a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction.'" Tirone v. N.Y. Stock Exch., Inc., No. 05-CV-8703 (WHP), 2007 WL 2164064, at *3 (S.D.N.Y. July 27, 2007) (quoting Magee v. Nassau Cnty. Med. Ctr., 27 F. Supp. 2d 154, 158 (E.D.N.Y. 1998)); see also Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of a claim when the federal court "lacks jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). After construing all ambiguities and drawing all inferences in the plaintiff's favor, a district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks

the statutory or constitutional power to adjudicate it. Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005) (citations omitted).

The Eleventh Amendment of the United States Constitution bars "federal jurisdiction over suits against nonconsenting States." Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 73 (2000). It is well-established that the Eleventh Amendment is applicable to all claims in federal court under 42 U.S.C. § 1983 against a state and its agencies. Dube v. State Univ. of N.Y., 900 F.2d 587, 594 (2d Cir. 1990); Eleventh Amendment immunity may be overcome only if a state or its agencies consent to suit. Id.

In this case, Defendant UCS constitutes the Judicial Branch of New York state government, and is thereby protected by Eleventh Amendment immunity. See N.Y. Const. art. VI, § 1. Neither the State of New York nor Defendant UCS has consented to suit in federal court under 42 U.S.C. § 1983. McCluskey v. N.Y. State Unified Court Sys., 442 F. App'x 586, 589 (2d Cir. 2011). Therefore Plaintiff's claim against UCS alleging a violation of section 1983 is barred by the Eleventh Amendment. Id.; see also Trivedi v. N.Y. State Unified Court Sys. Office of Court Admin., 818 F. Supp. 2d 712, 721-22 (S.D.N.Y. 2011) (Section 1983 action against the administrative office of UCS barred by the Eleventh Amendment).

Plaintiff's argument that sovereign immunity is unavailable to UCS under Ex Parte Young, 209 U.S. 123 (1908), is unavailing. First, Plaintiff's Complaint is styled as a Section 1983 claim, rather than an Ex Parte Young claim. (Compl. at 1.) Further, Ex Parte Young allows a suit for prospective injunctive relief against an *officer* named in his official capacity, instead of a state agency or department. Papasan v. Allain, 478 U.S. 265, 276-77 (1986); Dube, 900 F.2d at 595. As the judicial branch of the New York State government, Defendant UCS is

4

not an officer subject to the Ex Parte Young doctrine. Therefore, the court does not have subject-matter jurisdiction over Plaintiff's claims against UCS, requiring dismissal.

### III. CONCLUSION

For the reasons set forth above, Defendant UCS's Motion to Dismiss Plaintiff's Complaint against it is GRANTED, and Plaintiff's claims against UCS are DISMISSED with prejudice.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore IFP status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York  
      January 22, 2014

NICHOLAS G. GARAUFIS  
United States District Judge