

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
  MICHAEL J. KNEITEL,

                Plaintiff,

        -against-

  HOWARD SCHAIN,

                Defendant.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**13-CV-0090 (NGG) (PK)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiff Michael K. Kneitel brings this pro se action against Defendant Howard Shain, a New York City Marshall. Plaintiff alleges that Defendant seized, vandalized, and stole from Plaintiff's vehicle on or around April 7, 2010 and asserts, pursuant to 42 U.S.C § 1983, claims of deprivation of property, unreasonable search and seizure, and denial of due process. Defendant moves to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, under Rule 12(c). (Def. Mot. to Dismiss (Dkt. 44).) For the reasons explained below, Defendant's motion is DENIED.

## I. BACKGROUND

### A. Facts

      The following facts are drawn from Plaintiff's complaint and are assumed to be true for the purpose of Defendant's motion to dismiss.

      On or about April 7, 2010, Defendant, acting in his capacity as a New York City Marshall, impounded Plaintiff's car for non-payment of traffic tickets. (Compl. (Dkt. 1) at 3-5.) When Plaintiff recovered the vehicle later that day, it had been vandalized and the stereo had been removed from the dashboard. (Id. at 4-5.) The vehicle was recovered in a different place from where it was parked when Defendant impounded it. (Id. at 4.) When the plaintiff recovered

1

the vehicle, it was parked at an angle relative to the curb and the wheels and steering wheel were in a straight position. (Id. at 5.) Upon recovery, the vehicle's clutch pedal lock was still engaged. (Id.) The vehicle also had factory and aftermarket alarm systems installed, as well as a passive anti-theft system which requires a key containing a microchip to start the vehicle. (Id.) Based on these facts, Plaintiff alleges that "the person(s) responsible for the damages had towed the vehicle." (Id.)

On or about April 5, 2012, Plaintiff filed an action against Defendant in Kings County Civil Court. (Id. at 5-6.) On November 15, 2012, the case was dismissed pursuant to C.P.L.R. § 215(1), which provides a one-year statute of limitations for certain torts. (Id. at 6.) Plaintiff filed a motion to renew or reargue, which was denied with prejudice on December 6, 2012. (Id. at 7.)

### B. Procedural History

On January 7, 2013, Plaintiff filed this action against Defendant Schain, Kings County Civil Court judges Noach Dear and Harriet Thompson, and the State of New York Unified Court System (UCS). (Id. at 1.) Plaintiff's complaint sought compensatory and punitive damages, as well as declaratory and injunctive relief. (Id. at 1, 8-10.)

Also on January 7, 2013, Plaintiff filed a motion to proceed in forma pauperis. (Pl. Mot. to Proceed In Forma Pauperis (Dkt. 3).) On January 29, 2013, the court granted Plaintiff's motion to proceed in forma pauperis and dismissed with prejudice Plaintiff's claims against Judges Dear and Thompson on the grounds of absolute immunity. (January 29, 2013 Mem. & Order (Dkt. 4) at 4.) On June 6, 2013, UCS filed a motion to dismiss on Eleventh Amendment grounds, (UCS Mot. to Dismiss (Dkt. 10)), which the court granted. (January 23, 2014 Mem. & Order (Dkt. 16) at 4-5.)

2

On September 12, 2014, Magistrate Judge Viktor V. Pohorelsky issued a Report and Recommendation ("R&R") that the case be dismissed with prejudice due to Plaintiff's failure to appear at three consecutive conferences. (R&R (Dkt. 31) at 1.) On December 5, 2014, the court received a letter from Plaintiff explaining that his failure to appear was due to a temporary inability to receive mail at his address of record. (Letter from Pl. (Dkt. 32) at 2.) Plaintiff further requested that the court overrule Judge Pohorelsky's R&R. (Id.) On December 1, 2015, the court granted Plaintiff's request and overruled the R&R. (December 1, 2015 Order (Dkt. 33) at 2.)

On February 3, 2016, Defendant answered the complaint. (Answer (Dkt. 34).) After several conferences, Defendant filed the present motion to dismiss on November 11, 2018. (Def. Mot. to Dismiss (Dkt. 44).) Defendant seeks to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or, alternatively, Rule 12(c). (Id.)

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. Patane v. Clark, 508 F.3d 106, 112-13 (2d Cir. 2007). When deciding a motion pursuant to Rule 12(b)(6), the court must "constru[e] the complaint liberally, accept[] all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir. 2013) (quoting Chase Group Alliance LLC v. City of New York Department of Finance, 620 F.3d 146, 150 (2d Cir.2010)). "In determining the adequacy of the complaint, the court may consider any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint." Subaru Distribs. Corp. v. Subaru of Am., Inc., 425 F.3d 119, 122 (2d Cir. 2005). Motions pursuant to

3

Rule 12(c) are decided under the same standard as is applicable to motions pursuant to Rule 12(b)(6). L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 429 (2d Cir. 2011).

A pro se Plainitff is "entitled to special solicitude," and the court reads "his pleadings 'to raise the strongest arguments that they suggest.'" Fowlkes v. Ironworkers Local 40, 790 F.3d 378, 387 (2d Cir. 2015) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006)). "[D]ismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." Boykin v. KeyCorp, 521 F.3d 202, 216 (2d Cir. 2008). Despite this special solicitude, a pro se complaint must still allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" in order to survive a motion to dismiss under Rule 12(b)(6). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

### III. DISCUSSION

Defendant advances only two arguments in support of his motion to dismiss Plaintiff's claims. First, Defendant argues Plaintiff's claims are barred by the doctrine of claim preclusion. Second, he argues that Plaintiff's claims are time barred.[1] For the reasons explained below, both of Defendant's arguments are unavailing.

---

[1] Defendant's Memorandum in Support also includes a one-paragraph argument that Plaintiff's claim is barred by the Rooker-Feldman doctrine. (Mem. in Support of Def. Mot. to Dismiss (Dkt. 44-1) at 8-9.) However, Rooker-Feldman operates to bar suits where a plaintiff "complains of injury from a state-court judgment." Sung Cho v. City of New York, 910 F.3d 639, 646 (2d Cir. 2018) (quoting Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005)). A federal lawsuit against a third party may run afoul of Rooker-Feldman when "the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." Id. Here, as Defendant has not asserted that he was complying with a court order when he purportedly seized and vandalized Plaintiff's car, Plaintiff's claim against Defendant does not complain of an injury produced by a state-court decision. Therefore, Rooker-Feldman is inapplicable.

4

## A. Claim Preclusion

Claim preclusion, historically known as res judicata, has three elements. A party asserting claim preclusion must show: "(i) an earlier action [that] resulted in an adjudication on the merits; (ii) that [the] earlier action involved the same counterparty or those in privity with them; and (iii) [that] the claim sought to be precluded was raised, or could have been raised, in that earlier action." Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc., 898 F.3d 232, 237 (2d Cir. 2018), cert. granted, 139 S. Ct. 2777 (2019); see also TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 499 (2d Cir. 2014) ("Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." (quoting St. Pierre v. Dyer, 208 F.3d 394, 399 (2d Cir.2000))). A party asserting claim preclusion bears the burden of establishing the elements of claim preclusion. Greenberg v. Bd. of Governors of Fed. Reserve Sys., 968 F.2d 164, 170 (2d Cir. 1992); see also Taylor v. Sturgell, 553 U.S. 880, 907 (2008) (citing 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4405 at 83 (2d ed. 2002) for the proposition that "a party asserting preclusion must carry the burden of establishing all necessary elements").

Here, Defendant fails to establish both that the 2012 state court litigation ended in a disposition on the merits for claim preclusion purposes and that Plaintiff could have obtained the relief he now seeks in that litigation.

### 1. Preclusive effect of dismissal pursuant to a shorter statute of limitations

In determining whether a state court proceeding precludes later federal litigation, "[f]ederal courts 'must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'"

5

Cloverleaf Realty of New York, Inc. v. Town of Wawayanda, 572 F.3d 93, 95 (2d Cir. 2009) (quoting Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1983)). "[T]he traditional rule" for claims dismissed as time-barred "is that expiration of the applicable statute of limitations merely bars the remedy and does not extinguish the substantive right, so that dismissal on that ground does not have claim-preclusive effect in other jurisdictions with longer, unexpired limitations periods." Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 504 (2001). The Second Circuit concluded in Cloverleaf that New York "does not depart from the traditional rule."[2] Cloverleaf, 572 F.3d at 95 (citing Tanges v. Heidelberg N. Am., Inc., 710 N.E.2d 250, 253 (N.Y. 1999) ("The expiration of the time period prescribed in a Statute of Limitations does not extinguish the underlying right, but merely bars the remedy.")). Therefore, the "dismissal of a claim solely for lack of timeliness in a New York state court does not preclude the same claim from being brought in another jurisdiction with a longer statute of limitations, including a federal court exercising its federal question jurisdiction." Id. at 96.

Here, the earlier litigation between the parties in civil court was dismissed pursuant only to a there-governing one-year statute of limitations. (Dkt. 44-5 at 3, 5). This dismissal "bar[red] [Plaintiff's] remedy" in state court, but it did not "extinguish [his] underlying right." Tanges, 710 N.E.2d at 253. Plaintiff now seeks to vindicate his rights under 42 U.S.C. § 1983, and "[s]ection 1983 actions filed in New York are . . . subject to a three-year statute of limitations." Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013); see also Okure v. Owens, 816 F.2d 45, 47

---

[2] Two years after Cloverleaf, the Second Circuit expressed some doubt as to Cloverleaf's holding that a dismissal of a state court action on statute of limitations grounds does not have "interjurisdictional preclusive force." Joseph v. Athanasopoulos, 648 F.3d 58, 64-67 (2d Cir. 2011), certified question accepted, 954 N.E.2d 1168 (N.Y. 2011), denied on reconsideration, 967 N.E.2d 694 (N.Y. 2012). The Joseph court sought clarification from the New York Court of Appeals, but the Court of Appeals declined to accept the certified question. Joseph v. Athanasopoulos, 967 N.E.2d 694 (N.Y. 2012). The Second Circuit subsequently dismissed the appeal. Joseph v. Athanasopoulos, 478 F. App'x 701 (2d Cir. 2012). Therefore, Cloverleaf's holding is still binding on this court.

(2d Cir. 1987) ("[T]he proper limitation to apply to all section 1983 claims in New York is three years."), aff'd, 488 U.S. 235 (1989). Plaintiff filed his complaint within § 1983's three-year statute of limitations. (See Compl. (Dkt. 1) at 1, 4-5.) Because Plaintiff's state court action was dismissed "solely for lack of timeliness," under a shorter limitations period than applicable here, that dismissal does not preclude his timely § 1983 claim. Cloverleaf, 572 F.3d at 96.

2. Preclusive effect of litigation in a forum of limited jurisdiction

To show that a current claim could have been litigated in a prior action, and thereby satisfy the third element of claim preclusion, the party asserting claim preclusion must show both that the initial forum had jurisdiction to hear and decide the current claim and the power to award the full relief the plaintiff seeks. See Computer Assocs. Int'l, Inc. v. Altai, Inc., 126 F.3d 365, 370 (2d Cir. 1997) ("[W]here a second action arises from some of the same factual circumstances that gave rise to a prior action, res judicata is inapplicable if formal jurisdictional or statutory barriers precluded the plaintiff from asserting its claims in the first action."); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) ("[Claim preclusion] will not apply, however, where 'the initial forum did not have the power to award the full measure of relief sought in the later litigation.'" (quoting Davidson v. Capuano, 792 F.2d 275, 278 (2d Cir.1986))); accord Reed v. Friedman Mgt. Corp., 541 F. App'x 40, 41 (2d Cir. 2013) (summary order).

Here, Defendant fails to show that Plaintiff's § 1983 claim could have been brought in the earlier litigation between the parties. Defendant's entire argument for the third element of claim preclusion comprises one sentence: "Lastly, while not perhaps artfully drafted the Plaintiff's State Court proceeding, by the Plaintiff's own concession here evolves from the same if not identical, set of facts." (Mem. in Support of Def. Mot. to Dismiss ("Mem.") (Dkt. 44-1) at 7.) Defendant is correct that the party asserting preclusion must show that the subsequent claim

7

arises from the same "nucleus of operative fact" as the prior claim, Waldman v. Vill. of Kiryas Joel, 207 F.3d 105, 108 (2d Cir. 2000) (quoting Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86, 90 (2d Cir.1997)), but this showing is not in and of itself sufficient to establish claim preclusion. The asserting party must also show that subsequent claim "was raised, or could have been raised, in that earlier action." Marcel Fashions, 898 F.3d at 237. Claim preclusion does not operate to bar a claim where "formal jurisdictional or statutory barriers" prevented the claim from being heard in the earlier proceeding. Computer Assocs. Int'l, Inc., 126 F.3d at 370.

"The Civil Court of the City of New York is a court of limited jurisdiction." Bury v. Cigna Healthcare of New York, Inc., 254 A.D.2d 229, 229 (N.Y. App. Div. 1998); see also Chase Grp. All. LLC v. City of New York Dep't of Fin., No. 09-cv-3105 (WHP), 2009 WL 1619905, at *2 (S.D.N.Y. May 27, 2009) (finding that a civil court action "does not afford Plaintiffs an adequate opportunity for review of their constitutional claims"), aff'd on other grounds, 620 F.3d 146 (2d Cir. 2010). Specifically, the Civil Court only has the power to issue declaratory judgments with respect to a "controversy involving the obligation of an insurer to indemnify or defend a defendant" or "actions commenced by a party aggrieved by an arbitration award." N.Y. City Civ. Ct. Act § 212-a; see also Bury, 254 A.D.2d at 229.

Here, Plaintiff seeks, inter alia, a declaratory judgment that Defendant violated his rights under the Fourth and Fourteenth Amendments to the Constitution. (Compl. at 11.) The Kings County Civil Court does not have the power to grant this relief. Because the Civil Court does not "have the power to award the full measure of relief sought" in this case, Burgos v. Hopkins, 14 F.3d at 790, Plaintiff's state court action against Defendant does not preclude him from seeking the full relief available to him in this court.

8

3. Conclusion

Because Defendant failed to carry his burden of establishing the first and third elements of claim preclusion, Plaintiff is not precluded from bringing this lawsuit against Defendant.

B. **Statute of Limitations**

Defendant's argument that Plaintiff's claim is time barred is similarly unpersuasive. The Supreme Court held in Okure that § 1983 actions are governed by the "general or residual statue [of limitations] for personal injury actions." Okure, 488 U.S. at 250. In so holding, the Court rejected the argument that Defendant now advances: that the one-year statute of limitations in C.P.L.R § 215 should be applied to claims brought under § 1983.[3] Okure, 488 U.S. at 243-44. Since Okure, the Second Circuit has routinely held that § 1983 actions brought in New York are governed by the three-year, general personal injury statute of limitations provided by C.P.L.R. § 214(5). See, e.g., Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002); see also Hogan, 738 F.3d at 517 ("Section 1983 actions filed in New York are . . . subject to a three-year statute of limitations.").

Here, Plaintiff filed his complaint on January 7, 2013 seeking relief for Defendant's conduct on or about April 7, 2010. Because the complaint was filed within the three-year statute of limitations for § 1983 claims, Defendant's argument that Plaintiff's claims are time-barred is unavailing.

---

[3] In Okure, the Supreme Court specifically considered C.P.L.R. § 215(3), which provides a one-year statute of limitations for eight intentional torts. Okure, 488 U.S. at 243. The Court's reasoning is equally applicable to § 215(1), on which Defendant relies.

9

IV.  **CONCLUSION**

For the reasons stated above, Defendants motion to dismiss is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
       August 28, 2019

S/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge