```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
                                                                 :
MICHAEL J. KNEITEL                                               :     REPORT AND
                               Plaintiff,                        :     RECOMMENDATION
                                                                 :
              -against-                                          :     1:13-CV-90 (EK)(PK)
                                                                 :
                                                                 :
HOWARD SCHAIN,                                                   :
                                                                 :
                               Defendant.                        :
                                                                 :
                                                                 :
---------------------------------------------------------------- X
```

**Peggy Kuo, United States Magistrate Judge:**

Michael J. Kneitel ("Plaintiff") brought this action, *pro se*, against Howard Schain ("Defendant"), a New York City Marshall, alleging that he seized, vandalized, and stole from Plaintiff's vehicle on or around April 7, 2010. ("Compl.," Dkt. 1.) Plaintiff asserts, pursuant to 42 U.S.C § 1983, claims of deprivation of property, unreasonable search and seizure, and denial of due process. (*Id.*) In light of Plaintiff's repeated failures to comply with the Court's orders and to prosecute this case, the undersigned respectfully recommends that the Complaint be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

## BACKGROUND

Plaintiff filed the Complaint on January 7, 2013. (*See* Compl.) After Defendant's motion to dismiss was denied on August 28, 2019 (Dkt. 45), written discovery proceeded and was concluded as of January 15, 2021. (Minute Entry and Order dated Jan. 15, 2021.) Because Plaintiff did not produce any documents and confirmed during a status conference on November 30, 2020 that he does not have any responsive documents, the Court precluded Plaintiff from using in a dispositive motion or at trial any document that he had not turned over to Defendant during discovery. (Minute Entry and

1

Order dated Nov. 30, 2020, Dkt. 68.)  The Court warned Plaintiff that if he later came into possession of any documents, he must produce them promptly to Defendant, or he may also be barred from using those documents.  (*Id.*)  To date, Plaintiff has not produced any documents to Defendant.

Plaintiff did not appear for his scheduled depositions on March 10, 2021, March 24, 2021, and June 14, 2021.  Defendant moved for sanctions.  (Dkt. 78.)  After full briefing by the parties, on November 23, 2021, the undersigned granted Defendant's motion, precluded Plaintiff from testifying at trial and ordered that Plaintiff pay Defendant's reasonable expenses and fees as a result of the deposition he failed to attend on June 14, 2021.  (Decision and Order to Show Cause ("Order to Show Cause"), Dkt. 81.)

The undersigned ordered Plaintiff to "show cause why this case should not be dismissed for lack of admissible evidence."  (Order to Show Cause at 12.)  In particular, Plaintiff was informed that he must "show what evidence he will be able to introduce at trial to support his claims, in light of this order precluding his testimony and his other discovery deficiencies."  (*Id.*)  Plaintiff was ordered to respond to the Order to Show Cause by December 17, 2021.  (*Id.*)  He was also warned, "Failure by Plaintiff to file a timely response to this Order to Show Cause will result in a recommendation that this case be dismissed." (*Id.*)  Plaintiff received notification of the Order to Show Cause to his email address through the Court's Electronic Court Filing system.

Plaintiff did not respond to the Order to Show Cause.

## DISCUSSION

Pursuant to Federal Rules of Civil Procedure 41(b), "If a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Even without a motion by Defendant, the Court has "unquestioned . . . authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted).  "Courts have repeatedly found that dismissal of an action

2

is warranted when a litigant . . . fails to comply with legitimate Court directives." *Rafaniello v. Travelers Cas. Co.*, No. 14-CV-3385 (NGG) (MDG), 2016 WL 4991544, at *2 (E.D.N.Y. Feb. 22, 2016), *R&R adopted*, 2016 WL 5061112 (E.D.N.Y. Sept. 16, 2016) (citation omitted). When a District Court contemplates a dismissal under Rule 41(b), it must consider:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). No one factor is dispositive. *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

Plaintiff's multiple discovery deficiencies during the course of this litigation are described in the Order to Show Cause and will not be repeated here.

The undersigned declined to impose or recommend a sanction of dismissal based solely on Plaintiff's failure to appear for his deposition, "[b]ecause the Court did not explicitly warn Plaintiff that his failure to appear for the deposition on June 14, 2021 could result in outright dismissal of his case." (Order to Show Cause at 10.) Instead, Plaintiff was precluded from testifying at trial, a sanction for which he did receive warning. (*Id.* at 3, 10, 11.)

With no testimony, no documents, and no identified witnesses, it would appear that Plaintiff has no evidence to present at trial in support of his claims. Nevertheless, in recognition of Plaintiff's status as a *pro se* litigant, the undersigned gave Plaintiff one last chance to point out any evidence that he will be able to introduce, or risk dismissal of the case. *See LeSane*, 239 F.3d at 209 (2d Cir. 2001) ("*pro se* plaintiffs should be granted special leniency regarding procedural matters"). Plaintiff was on notice that simply failing to file a timely response to the Order to Show Cause will result in a

3

recommendation that this case be dismissed. Yet Plaintiff did not file any response, in contravention of a clear Court order, and failed to show any cause why his case should not be dismissed.

This case has been pending against Defendant for more than nine years. At the end of this long journey, Plaintiff has produced no evidence to support any of his claims. When afforded an opportunity to save this case from dismissal, he declined to do so. Defendant will likely be prejudiced by further delay.

A balance of the Court's interest in managing its docket against any interest Plaintiff may have in receiving further opportunities to be heard weighs in favor of dismissal. Plaintiff has received ample opportunities to be heard, and lesser sanctions have already been imposed. No sanction short of dismissal would be effective now.

Accordingly, the undersigned respectfully recommends that all claims against Defendant be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that the Complaint be dismissed with prejudice. Any objection to this Report and Recommendation must be filed in writing with the Clerk of Court within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to timely file any objection waives the right to further judicial review of this Report and Recommendation. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

                                          **SO ORDERED:**

                                          *Peggy Kuo*

                                          PEGGY KUO
                                          United States Magistrate Judge

Dated:  Brooklyn, New York
       April 1, 2022