```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

MICHAEL J. KNEITEL,

                Plaintiff,                **MEMORANDUM & ORDER**
                                            13-CV-90(EK)(PK)
        -against-

HOWARD SCHAIN,

                Defendant.

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

The Court has received Magistrate Judge Kuo's Report and Recommendation (R&R) dated April 1, 2022. ECF No. 84. After initially adopting Judge Kuo's comprehensive R&R, the Court vacated its order because *pro se* Plaintiff Michael Kneitel indicated he had not received the R&R and requested an additional opportunity to object to it. *See* Docket Order dated May 4, 2022 (vacating order entered on April 20 and judgment entered April 21). Plaintiff has now submitted objections. Pl.'s Objections to the R&R, ECF No. 90. Judge Kuo recommends that the complaint be dismissed with prejudice for failure to comply with the Court's orders and failure to prosecute the case.

When a party submits a timely objection, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to

which objection is made." 28 U.S.C. § 636(b)(1)(C). Those portions of the R&R that are not objected to are reviewed for clear error on the face of the record. *See* Advisory Comm. Notes to Fed. R. Civ. P. 72(b); *accord State Farm Mut. Auto. Ins. Co. v. Grafman*, 968 F. Supp. 2d 480, 481 (E.D.N.Y. 2013).

A case may be dismissed *sua sponte* for failure to prosecute or failure to comply with a court order. Fed. R. Civ. P. 41(b); *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). Factors a court must consider when weighing dismissal pursuant to Rule 41(b) include "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

For the reasons Judge Kuo stated in the R&R, each of these factors weighs in favor of dismissal. Most significantly, Plaintiff has repeatedly disregarded the Court's orders over a sustained period of time. He failed to appear for a deposition on three occasions, *see* Order to Show Cause 1-2, ECF No. 81, and

failed to respond to an order to show cause why this case should be dismissed. *See* R&R 2 (citing ECF No. 81).[1] After Plaintiff failed to appear for his deposition, Judge Kuo initially imposed sanctions short of dismissal, but Plaintiff continued to disregard the order to show cause even when Judge Kuo warned Plaintiff that failure to comply with it would result in her recommending dismissal. The case, as Judge Kuo recounts, has been pending for nine years, yet Plaintiff has produced no evidence to support his claims. R&R 4. Defendant would thus, as the R&R recognized, continue to be prejudiced by further delay. And Plaintiff's interest in having his case heard — recognized in the fourth *Baptiste* factor — does not balance favorably against the Court's interest in controlling its docket, given that Plaintiff would be going to trial with no admissible evidence. *See* R&R 3-4.

Plaintiff's submission in opposition to the R&R does not squarely address Judge Kuo's conclusions; nor does it deal with the wider issue of Plaintiff's failure to obey court orders and prosecute the case. The objections instead focus on Plaintiff's unfounded perception that the assigned magistrate judge is biased, assertions (again without foundation) that his

---

[1] Plaintiff produced no documents in discovery (or thereafter) in the case. *See* R&R 1-2.

failures to prosecute were due to a lack of notice, and Plaintiff's arguments of the merits.

Plaintiff's failures to prosecute go beyond even the instances Judge Kuo recounted. Indeed, this is not the first time a magistrate judge has recommended dismissal. In 2014, the previously assigned magistrate judge recommended that this case be dismissed for failure to prosecute because Plaintiff failed to appear for three consecutive conferences. *See* Report & Recommendation dated September 12, 2014, at 1, ECF No. 31. Affording the *pro se* plaintiff additional latitude when he claimed he had been unable to access his mail, the previously assigned district judge declined to adopt that R&R and allowed the case to proceed. *See* Order dated December 3, 2015, ECF No. 33. Despite that latitude, Plaintiff continues to defy court orders, as explained above.

4

Having comprehensively reviewed the record, I agree with Judge Kuo's findings and conclusions and therefore adopt the R&R in its entirety.  Thus, the case is dismissed with prejudice.  The Clerk of Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

      /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    June 9, 2022
          Brooklyn, New York